IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:08-CV-135-H

GEORGIA ARNETTE GREEN,

    Plaintiff,

v.

STATE OF NORTH CAROLINA,
LENOIR COUNTY, and SUPERIOR
COURT OF LENOIR COUNTY,

    Defendants.

**ORDER**

This matter is before the court on the motion to dismiss by defendants State of North Carolina ("the State") and Superior Court of Lenoir County ("Superior Court") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has responded, and the time for further filings has expired. This matter is ripe for adjudication.

### PROCEDURAL HISTORY

This is the latest in a slew of actions filed by Georgia Arnette Green in which Ms. Green claims violations of federal law by various government officials.[1] Plaintiff commenced the

---

[1] See, e.g., Green v. Maroules, et al., 4:04-CV-111-H; Green v. Pitt and Greene EMC, 4:05-CV-98-BR; Green v. Pitt and Greene

instant matter by filing a motion to proceed *in forma pauperis* ("IFP") along with her proposed complaint on August 1, 2008. On March 13, 2009, plaintiff was ordered to refile her complaint with the referenced exhibits attached. She refilled her complaint on March 27, 2009. In an Order and Recommendation dated May 21, 2009, United States Magistrate Judge James E. Gates granted plaintiff's motion to proceed IFP, and conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2), recommending dismissal of certain claims.[2] He also recommended that "Superior Court of Lenoir County" be substituted for "Lenoir County Court of Kinston, NC" as the name of the defendant court which is the subject of plaintiff's allegations. On October 21, 2009, this court adopted Judge Gates' recommendation in its entirety and directed the Clerk to issue summonses.

Now before the court is the motion to dismiss of the State and the Superior Court, arguing that plaintiff's complaint fails to state a claim upon which relief can be granted in that plaintiff's claims arising out of the acts of a presiding state court judge are barred by absolute judicial immunity and that

---

EMC, 4:05-CV-115-BR; Green v. Vickery, et al., 4:06-CV-181-F; Green v. Vickery, et al., 4:06-CV-181-F; Green v. Vickery, et al., 4:03-CV-122-H; and, Green v. Turner, et al., 4:08-CV-72-H.
[2] Judge Gates recommended the dismissal of claims against the law firm of Walker, Allen, Grice, Ammons & Foy ("Walker Allen firm"), attorney Jeffrey Ammons and attorney Ron Medlin.

2

plaintiff has failed to show that she was excluded from state court, suffered discrimination by the courts due to a disability, or that the above defendants own the places of public accommodation described in her complaint.

## STATEMENT OF THE FACTS

Plaintiff's complaint alleges violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 *et seq.*, ("Title II"). Plaintiff's claims arise out of a lawsuit brought in Superior Court concerning an alleged motor vehicle collision. Plaintiff alleges that during the course of that action defendants failed to provide her with physical access to the Lenoir County Courthouse sufficient to accommodate her medical condition and failed to provide court documents in a manner sufficient to accommodate her visual impairment. She contends that due to these failures, she arrived late for a summary judgment motion hearing, and her case was dismissed by the presiding judge, in violation of her rights to due process and equal protection.

Plaintiff filed her state court action in March 2008. Access to the Office of the Clerk of Superior Court of Lenoir County and court proceedings was via steps that were painful for plaintiff to navigate. (Compl. ¶ 8.) The court issued an order that plaintiff post a prosecution bond. (Compl. ¶ 9.)

3

Plaintiff did not receive notices from the court or paperwork from opposing attorneys because her mailbox had been knocked down. As a consequence, some of her mail was returned to the sender. (Compl. ¶ 10.) Plaintiff complains there was no public computer terminal in the Clerk's office to view case documents. (Compl. ¶ 12.) However, plaintiff was able to file papers with the court and communicated with court personnel about matters involved in her case. (Compl. ¶¶ 13-14.)

The defendants moved for summary judgment in the state-court action, and the matter was set for hearing. Although plaintiff was informed of and remembers hearing of this date, she later became confused over the date of the hearing because she was busy with discovery. (Compl. ¶ 16.) Plaintiff admits that it was her error in confusing the dates of the hearing. (Compl. ¶ 17.) Plaintiff failed to appear at the summary judgment hearing, and the state court judge granted summary judgment for the defendants. Plaintiff alleges that summary judgment was improper because she had not completed discovery. (Compl. ¶ 14.)

Plaintiff then moved to set aside the state court's summary judgment and for reconsideration of the order requiring she post a prosecution bond. She contends the prosecution bond was unfair and that she was confused about the requirements for the

4

bond. She had made her complaints about the bond known to the court at an earlier date. She contends opposing counsel was using the bond as a way of "making his money quick with little effort." (Compl. ¶ 20.)

There was a hearing set. An employee of the Clerk's office called plaintiff at 9:30 that morning to remind plaintiff that her hearing was set for 10 a.m. (Compl. ¶ 20.) When plaintiff arrived at 10:35 a.m., Superior Court Judge Paul Jones explained to plaintiff that she was late for the court hearing which was specially set for plaintiff and that her case was dismissed at 10 a.m. when she failed to appear to prosecute her case. (Compl. ¶ 21.)

Plaintiff alleges that she is an individual with a disability under the ADA. Defendant State vests its judicial power exclusively in its General Court of Justice. N.C. Const., Art. IV, Sec. 1; N.C. Gen. Stat. § 7A-3. The General Court of Justice constitutes a unified judicial system consisting of an appellate division, a superior court division and a district court division. N.C. Gen. Stat. § 7A-4. The Superior Court Division is comprised of districts, and Lenoir County is in District 8A. N.C. Gen. Stat. § 7A-41. The Clerk of Superior Court is a judicial officer of the Superior Court Division. N.C. Gen. Stat. § 7A-40. Courthouses and courthouse facilities in

5

North Carolina are provided and maintained by individual counties. N.C. Gen. Stat. § 7A-302. Defendant Lenoir County provides the courthouse in that county and maintains those facilities.

## COURT'S DISCUSSION

I.  **Standard of Review**

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).

"[A] complaint need not 'make a case' against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005)

6

(quoting <u>Iodice v. United States</u>, 289 F.3d 270, 281 (4th Cir. 2002)). Rule 8 of the Federal Rules of Civil Procedure provides "for simplicity in pleading that intends to give little more than notice to the defendant of the plaintiff's claims and that defers until after discovery any challenge to those claims insofar as they rely on facts." <u>Teachers' Retirement Sys. of LA v. Hunter</u>, 477 F.3d 162, 170 (4th Cir. 2007). A complaint is generally sufficient if its "'allegations are detailed and informative enough to enable the defendant to respond.'" <u>Id.</u> (quoting 5 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u>, § 1215 at 193 (3d ed. 2004)). Thus, a complaint satisfies the Rules if it gives "fair notice" of the claim and "the grounds upon which it rests." <u>Twombly</u>, 127 S. Ct. at 1964.

## II. Judicial Immunity

Defendants State and Superior Court argue that plaintiff's claims, concerning the dismissal of her suit which arise out of the actions of the presiding state court judge, are barred by absolute judicial immunity. <u>See</u> <u>Dean v. Shirer</u>, 547 F.2d 227, 231 (4th Cir. 1976) (a judge may not be attacked for exercising judicial authority, even if done improperly.) <u>See</u> <u>also</u> <u>Bradley v. Fisher</u>, 80 U.S. 335 (1871) (Supreme Court recognized judicial immunity and held that judges are not liable to civil actions for their judicial acts.)

7

Plaintiff's complaint alleges that the grant of summary judgment was improper (Compl. ¶ 14) and that the judge overseeing the hearing violated her rights by dismissing the matter when she did not appear in a timely manner. (Compl. ¶ 21.)

In her response, plaintiff notes that her complaint arises out of the court's failure to reasonably accommodate her vision impairment and ambulatory disabilities. She states that she has not sued the judge under 42 U.S.C. § 1983, but that the state court should have ensured that she was reasonably accommodated. (Pl's Mem. In Opp. at 3-4 [DE #35].)

Inasmuch as plaintiff is attempting to make claims which arise out of actions by the superior court judge and/or the clerk of court within their capacities as judicial officers, these claims are barred by the doctrine of judicial immunity and are therefore DISMISSED.

III. **Access to Enlarged Documents or Electronic Copies**

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.

§ 12132. Plaintiff alleges defendants violated her rights by refusing to accommodate her disability by failing to provide her with copies of her documents in a version compatible with the special software she uses to enlarge documents to be able to read them. The court finds that, although the facts brought forth in discovery may well show otherwise, plaintiff has shown enough to survive a motion to dismiss this claim because defendants State and Superior Court fail to address the specific document accommodation requests made by plaintiff. Therefore, this court is unable to say that plaintiff's claim fails as a matter of law.

**IV. Physical Access to the Court**

Plaintiff also alleges that she was denied adequate physical access to the Lenoir County courthouse. In North Carolina, courthouses and courthouse facilities are provided and maintained by individual counties. N.C. Gen. Stat. § 7A-302. In this matter, defendant Lenoir County is responsible for operating and maintaining the courthouse in question. Defendants State and Superior Court do not own or control the place of public accommodation that is the subject of plaintiff's complaint. Therefore, they are not proper defendants to that claim, and plaintiff's claims of improper access to the Lenoir

County Courthouse are DISMISSED as to defendants State and Superior Court.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. All claims which arise out of actions by the superior court judge and/or the clerk of court within their capacities as judicial officers are barred by the doctrine of judicial immunity and therefore dismissed. Plaintiff's claims of accommodation regarding physical access to the Lenoir County Courthouse are dismissed as to defendants State and Superior Court. Remaining before the court are plaintiff's claims for accommodation regarding documents as to defendant State and Superior Court as well as all of plaintiff's claims against defendant Lenoir County.

This 21st day of September 2010.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26