IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:08-CV-135-H

GEORGIA ARNETTE GREEN,              )
                                    )
        Plaintiff,                  )
                                    )
                                    )
    v.                              )
                                    )       ORDER
                                    )
STATE OF NORTH CAROLINA,             )
LENOIR COUNTY, and SUPERIOR         )
COURT OF LENOIR COUNTY,             )
                                    )
        Defendants.                 )

This matter is before the court on motions for summary judgment filed by defendants. Plaintiff has responded to the motions. The time for further filings has expired, and these matters are ripe for adjudication.

**STATEMENT OF THE CASE**

This is the latest in a slew of actions filed by Georgia Arnette Green in which Ms. Green claims various violations of federal law.[1] Plaintiff commenced the instant matter by filing a

---

[1] Other actions filed by Ms. Green include Green v. Maroules, No. 4:04-CV-111-H (E.D.N.C. filed Aug. 2, 2004); Green v. Pitt & Greene EMC, No. 4:05-CV-98-BR (E.D.N.C filed Aug. 1., 2005); Green v. Pitt & Greene EMC, No. 4:05-CV-115-BR (E.D.N.C. notice of removal filed Sept. 14, 2005); Green v. Vickery, No. 4:06-CV-181-F (E.D.N.C. filed Aug. 15, 2006); Green v. Vickery, No.

motion to proceed *in forma pauperis* ("IFP") along with her proposed complaint on August 1, 2008. On March 13, 2009, plaintiff was ordered to refile her complaint with the referenced exhibits attached. She refiled her complaint on March 27, 2009. In an Order and Recommendation dated May 21, 2009, United States Magistrate Judge James E. Gates granted plaintiff's motion to proceed IFP, and conducted a frivolity review pursuant to 28 U.S.C. § 1915(e)(2), recommending dismissal of certain claims.[2] He also recommended that "Superior Court of Lenoir County" be substituted for "Lenoir County Court of Kinston, NC" as the name of the defendant court which is the subject of plaintiff's allegations. On October 21, 2009, this court adopted Judge Gates' recommendation in its entirety and directed the Clerk to issue summonses. (Oct. 21, 2009 Order [DE # 17].)

Upon the defendants' motions to dismiss, this court granted dismissal in part. (Sept. 21, 2010 Order [DE #36].) All claims which arose out of actions by the superior court judge and/or the clerk of court within their capacities as judicial officers were dismissed as barred by the doctrine of judicial immunity.

---

4:03-CV-122-H (E.D.N.C. filed Aug. 25, 2003); and Green v. Turner, No. 4:08-CV-72-H (E.D.N.C. filed May 12, 2008).

[2] Judge Gates recommended the dismissal of claims against the law firm of Walker, Allen, Grice, Ammons & Foy ("Walker Allen firm"), attorney Jeffrey Ammons and attorney Ron Medlin.

Plaintiff's claims of accommodation regarding physical access to the Lenoir County Courthouse were dismissed as to Defendants State of North Carolina and Superior Court of Lenoir County ("the State"). Remaining before the court are plaintiff's claims against the State for accommodation regarding documents maintained by the Lenoir County Clerk of Superior Court, as well as all of plaintiff's claims against defendant Lenoir County. These claims are addressed in the motions currently before the court.

## STATEMENT OF THE FACTS

Plaintiff's amended complaint alleges violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et seq., ("Title II"). Plaintiff's claims arise out of a lawsuit brought in the Superior Court of Lenoir County concerning an alleged motor vehicle collision. Plaintiff alleges that during the course of that action defendants failed to provide her with physical access to the Lenoir County Courthouse sufficient to accommodate her medical condition and failed to provide court documents in a format sufficient to accommodate her visual impairment. She contends that due to these failures, she arrived late for a summary judgment motion hearing, and her case was dismissed by the presiding judge, in violation of her rights to due process and equal protection.

3

## COURT'S DISCUSSION

I.  Standard of Review

Summary judgment is appropriate pursuant to Fed. R. Civ. P. 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).

Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). As this court has stated, summary judgment is not a vehicle for the court to resolve disputed factual issues. Faircloth v. United States, 837 F. Supp. 123, 125 (E.D.N.C. 1993). Instead, a trial court reviewing a claim at the summary judgment stage should determine whether a genuine issue exists for trial. Anderson, 477 U.S. at 249.

In making this determination, the court must view the inferences drawn from the underlying facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962) (per curiam). Only disputes between the parties over facts that might affect the outcome of the case properly preclude the entry of summary judgment. Anderson, 477 U.S. at 247-48. Accordingly, the court must examine "both the materiality and the genuineness of the alleged fact issues" in ruling on this motion. Faircloth, 837 F. Supp. at 125.

## II. Plaintiff's Claim Against Defendant Lenoir County

Plaintiff's allegations against defendant Lenoir County are that during the course of her state court action arising out of the motor vehicle collision, she was not provided with physical access to the Lenoir County courthouse which complied with her rights under the ADA.

Defendant Lenoir County submits that plaintiff lacks the standing necessary to bring her claims against Lenoir County because, by her own admission, she did not avail herself of the handicap-accessible entrances. Plaintiff instead walked up the steps and into the front door unassisted. Therefore, Lenoir County argues that she cannot establish that she was "excluded" under the terms of the ADA.

5

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. To establish a violation of the ADA, plaintiff must show (1) that she has a disability; (2) that she is otherwise qualified for the benefit in question; and (3) that she was excluded from the benefit due to discrimination based solely on the basis of the disability. Baird v. Rose, 192 F.3d 462 (4th Cir. 1999); Doe v. University of Md. Med. Sys. Corp., 50 F.3d 1261 (4th Cir. 1995).

Plaintiff must show she is an individual with a disability who has been "excluded" in order to have sufficient standing to bring a claim under Title II.[3] Plaintiff admits she was never prevented from accessing the Lenoir County courthouse as a result of her disability. She chose to use the non-handicap accessible entrance and walk up the stairs at the front of the courthouse. She did not avail herself of the handicapped parking spaces or the lift located near the entrance off the main courthouse parking lot. Her deposition reveals that she

---

[3]While the federal circuit courts have recognized two exceptions to this requirement, both involve "organizational standing." Plaintiff cannot assert that she fits into either exception.

6

was late because she (1) forgot about the date of the hearing and (2) upon receiving a phone call from the court locked her keys inside her home. She was not late because of a lack of handicap-accessible facilities. Plaintiff has not shown she was excluded.

Furthermore, plaintiff has not come forward with evidence from which a reasonable juror could find that the Lenoir County courthouse entrances failed to comply with the ADA. The Lenoir County courthouse was built well before 1992, the effective date of Title II. In order to comply with Title II, Lenoir County must "operate each service, program or activity [offered in the Lenoir County Courthouse] so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities." 28 C.F.R. § 35.150(a)(emphasis added). In 2008, two of the three entrances to the Lenoir County courthouse were handicap accessible. (Dail Aff. ¶ 5.) The primary public entrance to the courthouse had handicapped parking spaces as well as signs directing individuals to an exterior lift located next to the stair case, which led directly into the main floor of the courthouse. (Dail Aff. ¶ 9.)

Accordingly, plaintiff has not come forward with evidence from which a reasonable juror could find that the Lenoir County

courthouse entrances fail to comply with the ADA. Therefore, defendant's motion for summary judgment is GRANTED and plaintiff's claim against defendant Lenoir County is DISMISSED.

### III. Plaintiff's Claims Against the State

Plaintiff also claims that the State failed to provide her with court documents in a font size sufficiently large to accommodate her sight impairment. She contends that because of this failure she arrived late to the summary judgment hearing and her case was dismissed, resulting in a violation of her rights to due process and equal protection. As previously stated, to establish a violation of the ADA, plaintiff must show (1) that she has a disability; (2) that she is otherwise qualified for the benefit in question; and (3) that she was excluded from the benefit due to discrimination based solely on the basis of the disability. Baird v. Rose, 192 F.3d 462 (4th Cir. 1999); Doe v. University of Md. Med. Sys. Corp., 50 F.3d 1261 (4th Cir. 1995).

Here, there is no genuine issue as to any material fact that this plaintiff was not denied access to the courts nor that she suffered discrimination by the courts solely because of her disability. Summary judgment was entered against her at a hearing at which she did not appear because she became confused about the hearing date. She was then allowed to file a motion

to set aside the judgment with the court, was given a hearing date and even received a personal phone call from the trial court administrator reminding her of the hearing. She admits she had forgotten about the hearing, that she locked her keys in her house and failed to call the court to advise it of her delay. There are no facts showing that plaintiff has not been able to file matters in the state court or to prosecute her claims. Plaintiff has simply not shown she was denied access to the court or excluded from any benefit thereof.

While the court understands that plaintiff would like to have the docket accessible to her in certain formats which would enable her to view it in larger font sizes, she has not shown that failure to provide documents in the format requested by her contributed to the dismissal of her action or operated to deprive her of any right or benefit under the ADA. In fact, the uncontroverted evidence in this case establishes that the court went out of its way to ensure that Ms. Green received actual notice of her hearing on the motion to set aside the state-court judgment. Plaintiff has failed to present any evidence to support a finding that the State denied her any right or benefit due to disability, and defendants' motions for summary judgment is, therefore, GRANTED.

## CONCLUSION

For the foregoing reasons, defendants' motions for summary judgment are GRANTED. The clerk is directed to close this case.

This 7th day of November 2011.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26